IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 97-30089-WDS** |
| | ) | **CIVIL NO. 02-906-WDS** |
| **DERRICK S. MITCHELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## O R D E R

**STIEHL, District Judge:**

Before the Court is defendant/petitioner's pro se motion for leave to file appeal out of time. Although this motion was filed under this criminal case number, it should have been filed in *Mitchell v. United States*, No. 92-906-WDS.

In his motion, defendant/petitioner asserts that his counsel did not inform him of his right to appeal the denial of his habeas petition. The Court dismissed the habeas petition on January 2, 2003, finding that petitioner was procedurally barred from presenting his claim and, even if not barred, no issues presented entitled him to relief. (*See Memorandum & Order*, Doc. 3, p. 5).

It is well settled that there is no constitutional right to counsel for post-conviction appellate proceedings, *Pennsylvania v. Finley,* 481 U.S. 551, 556-57 (1987). Therefore, the failure of appellate counsel to advise defendant/petitioner of his right to appeal does not rise to the level of a constitutional violation which would give rise to defendant/petitioner's right

to file a late notice of appeal. *Id.*[1]

Accordingly, the Court **DENIES** defendant/petitioner's motion to file late notice of appeal (Doc. 725).   The motions for appointment of counsel (Doc. 726) and for a status report (Doc. 730) are **DENIED** as moot.   The Court **DIRECTS** the Clerk of the Court to file defendant/petitioner's motions and this Order in the civil case number.

**IT IS SO ORDERED.**

**DATED: August 21, 2006.**

s/   **WILLIAM D. STIEHL**
     **DISTRICT JUDGE**

---

[1] The Court notes that *Castellanos v. United States,* 26 F.3d 717, 718 (7th Cir. 1984) does not apply to this case because this does not involve a direct appeal of his conviction.